IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

**UNITED STATES OF AMERICA,**      CASE NO. 3:23 CR 122

    Plaintiff,

    v.      JUDGE JAMES R. KNEPP II

**AYOBAMI OSAS CHRISTOPHER,**

    Defendant.      **MEMORANDUM OPINION AND ORDER**

### INTRODUCTION

Currently pending before the Court is Defendant Ayobami Osas Christopher's Motion to Revoke Order of Detention. (Doc. 261).

For the reasons set forth below, Defendant's motion is denied.

### BACKGROUND

Defendant was charged in a Criminal Complaint issued on July 31, 2024, with wire fraud conspiracy in violation of 18 U.S.C. § 1349 and money laundering conspiracy in violation of 18 U.S.C. § 1956(h). *United States v. Christopher*, Case No. 3:24-MJ-5237 (N.D. Ohio)). He was arrested in the District of New Jersey on August 5, 2024, and made an initial appearance before a Magistrate Judge. *United States v. Christopher*, Case No. 2:24-MJ-12219 (D.N.J.). Defendant "consent[ed] to detention with the right to make a bail application at a later time pending commitment to the charging district." *Id.* at Doc. 1. During his removal to this Court, the grand jury indicted Defendant for wire fraud conspiracy in violation of 18 U.S.C. § 1349. *United States v. Christopher*, Case No. 3:24-CR-280 (N.D. Ohio) (Doc. 4). At his arraignment in this district on August 19, 2024, the Government moved for detention. Defendant initially waived his right to a

detention hearing and was ordered detained. *Id.* at Doc. 8. On September 4, 2024, Defendant filed a Motion for Release from Custody and Request for Detention Hearing. *Id.* at Doc. 11. A hearing on that motion was conducted by Magistrate Judge Darrell A. Clay on September 10, 2024. *Id.* at Doc. 21 (transcript).

On September 11, 2024, the grand jury returned a Third Superseding Indictment in this case. (Doc. 114). The Third Superseding Indictment charged 28 individuals, including Defendant. *Id.* As to Defendant, he was charged with four offenses including conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349; money laundering conspiracy, in violation of 18 U.S.C. § 1956(h); and money laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i).

The indictment charges a wide-ranging conspiracy where co-conspirators gained access to legitimate email accounts, monitored the legitimate account owners' activities, then sent fraudulent emails requesting payment to bank accounts under the co-conspirators' control. *See id.* The indictment further alleges:

> In all, the scheme defrauded at least 600 victims. Although some funds were frozen or recovered, the scheme nonetheless convinced victims to part with at least $120 million. Those victims resided throughout the United States, including in Ohio, New York, California, Texas, Kansas, North Carolina, Florida, Arizona, Michigan, Connecticut, Wisconsin, Minnesota, Tennessee, Virginia, Maryland, South Carolina, and New Jersey. Victims also resided in Canada, Mexico, Bermuda, and Romania.

*Id.* at 5. This conspiracy allegedly operated from "in or around January 2020 until in or around September 2023." *Id.* at 1.

On September 12, 2024, Judge Clay issued an Order of Detention for Defendant in Case No. 3:24-CR-280. (Case No. 3:24-CR-280 (N.D. Ohio) (Doc. 13)).

On October 1, 2024, Defendant was arraigned on the Third Superseding Indictment in the instant case. Although Defendant had already been ordered detained, the Government again moved

2

for detention at the arraignment. A detention hearing was set for October 10, 2024, but then continued to October 28, 2024. The other pending case against Defendant, 3:24-CR-280 (N.D. Ohio), was dismissed without prejudice on the Government's motion on October 17, 2024. (Case No. 3:24-CR-280 (N.D. Ohio) (Docs. 22, 23)).

In the instant case, Judge Clay denied without prejudice Defendant's Motion to Compel Testimony of Adverse Witness (Doc. 204) on October 25, 2024, and further advised:

> [G]iven that I previously conducted a detention hearing for Mr. Christopher and issued an order of detention (*see United States v. Ayobami Christopher*, NDOH Case No. 3:24-cr-00280, ECF #13), the October 28, 2024 hearing will begin by addressing whether Mr. Christopher is entitled to be heard on the question of detention, including whether, if applicable, he can establish that "information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142.

(Doc. 237, at 2).

A second detention hearing was held on October 28, 2024, and Judge Clay again ordered Defendant to be detained. (Doc. 249). In his Order, Judge Clay began by questioning whether Defendant was entitled to another detention hearing or to reopen the prior hearing, concluding that he was not. *Id.* at 8. Nevertheless, upon the new proffers and evidence and argument received at that hearing, Judge Clay also found that no condition or combination of conditions would reasonably assure the safety of any other person or the community or reasonably assure his appearance as required. *Id.* at 8-11.

Judge Clay incorporated his analysis from the prior Order of Detention. *Id.* at 9. At that prior hearing, Judge Clay held that the Government proved by clear and convincing evidence that no condition or combination of conditions would reasonably assure the safety of any other person or the community and by a preponderance of evidence that no condition or combination of

3

conditions would reasonably assure the Defendant's appearance as required. (Case No. 3:24-CR-280, Doc. 13). In the instant case, evaluating the 18 U.S.C. § 3142(g) factors, Judge Clay emphasized his profound concern about the Defendant's ability to flee internationally from these very significant charges, noting both his lack of candor about prior international travel and his sources of income, finding the proposed new custodian and upgraded location monitoring tether failed to ameliorate the concerns he raised in his prior Order and that the new proposed residence is less than one mile from a general aviation airport and that Defendant was allegedly responsible for creating fraudulent passports. (Doc. 249, at 10-11). Further, he found the Government's exhibits "bolster the proffer it made during the original detention hearing regarding acts of violence allegedly perpetrated as part of the conspiracy, including some directed by Mr. Christopher." *Id.* at 11.

## STANDARD OF REVIEW

A defendant may challenge a Magistrate Judge's detention order in front of a District Judge under 18 U.S.C. § 3145(b). That statute permits a court with "original jurisdiction over the offense" to consider "a motion for revocation or amendment" of the Magistrate Judge's detention order. *Id.* Although there is some dispute on the precise standard of review under that statute in the Sixth Circuit, it appears that *de novo* review for this type of challenge is the majority rule. *United States v. Yamini*, 91 F. Supp. 2d 1125, 1127 (S.D. Ohio 2000) ("In the Sixth Circuit, the district courts have followed various procedures to review a magistrate judge's detention order . . . . The Majority view appears to favor the district court's *de novo* review of detention orders by magistrate judges."); *see also United States v. Beard,* 528 F. Supp. 3d 764, 771 (N.D. Ohio 2021) ("District courts review a magistrate judge's release or detention order *de novo*."); *Yamini*, 91 F. Supp. 2d at 1128 (collecting cases and noting the Second, Third, Fourth, Fifth, Eighth, Tenth, and

4

Eleventh Circuits direct district courts to use *de novo* or independent review in these circumstances).[1]

## DISCUSSION

Under the Bail Reform Act, "a defendant may be detained pending trial only if a judicial officer 'finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]'" *United States v. Stone*, 608 F.3d 939, 947 (6th Cir. 2010) (quoting 18 U.S.C. § 3142(e)).

As to risk of flight, the United States must carry its burden by a preponderance of the evidence. *United States v. Hinton*, 113 F. App'x 76, 77 (6th Cir. 2004). With respect to dangerousness, however, the United States must present clear and convincing evidence to prevail. *Stone*, 608 F.3d at 946 (citing 18 U.S.C. § 3142(f)(2)(B)). In meeting this burden, the Government may proceed by proffer or hearsay. *Id.* at 948-49. In making its determination, the Court must consider certain factors. *See* 18 U.S.C. § 3142(g). Consideration of these factors does not modify or limit the presumption of innocence. *Id.* at 946 (citing 18 U.S.C. § 3142(j)).

The Court has reviewed the evidence and arguments presented at Judge Clay's October 28, 2024, detention hearing, and the Pretrial Services Report Addendum (Doc. 238). Upon a *de novo*

---

1. While the Bail Reform Act is silent about whether a defendant is entitled to an in-court hearing on an appeal of a detention order, there is ample authority for the conclusion that the Court may decide the motion on the filings (including proffers offered by counsel) as opposed to a hearing. 18 U.S.C. § 3145(b) establishes that "[i]f a person is ordered detained by a magistrate judge", that person "may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." The court "may conduct an evidentiary hearing" as part of its review. *United States v. King*, 849 F.2d 485, 490 (11th Cir. 1988). However, "there is no statutory requirement that the court hold a hearing", and the court "retains the discretion to decide whether to hold a hearing." *United States v. Oaks*, 793 F. App'x 744, 747 (10th Cir. 2019); *King*, 849 F.2d at 490 ("based solely on a careful review of the pleadings and the evidence developed at the magistrate's detention hearing, the district court may determine that the magistrate's factual findings are supported and that the magistrate's legal conclusions are correct.").

review, as supplemented by the arguments of counsel set forth in the Motion to Revoke Order of Detention (Doc. 261), the Government's Opposition (Doc. 281), and Defendant's Reply (Doc. 289), the Court agrees with and adopts Judge Clay's Order of Detention (Doc. 249) issued November 5, 2024, as its own. The Court finds the Government has demonstrated by a preponderance of the evidence that that no condition or combination of conditions will reasonably assure the Defendant's further appearance in the case and has presented clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community. As such, Defendant shall remain detained pending trial.

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Defendant Ayobami Osas Christopher's Motion to Revoke Order of Detention (Doc. 261), be and the same hereby is, DENIED.

 s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: February 4, 2025